## HARRY TO USE v. WOOD.

### September 12, 1839.

*Rule to show cause why execution should not issue against garnishee.*

Plaintiff issues an attachment of execution, and attaches a deposit made by defendant in a bank, which admits the amount due to the defendant at the service of the writ. After the service on the same day, defendant's check,

[Harry to use v. Wood.]

dated several days before, was presented to the bank. The court awarded execution against the bank as the garnishee, under the act of 16th June, 1836, relating to executions.

IN this case the plaintiff had obtained judgment, and issued an attachment of execution, to Sept. term, 1839, No. 24, in which the Penn Township Bank was the garnishee. Upon interrogatories, the cashier of the bank answered, in substance, that at the time of the service of the attachment there was money which had been deposited in bank by the defendant, and the same stood to his credit; that on the same day, after said service, a check drawn by the defendant, dated several days before the service, was presented by some person, and payment of which was refused on account of the attachment.

The plaintiff obtained a rule to show cause why execution for the amount should not be levied on the effects in the hands of the garnishees.

*S. G. T. Campbell*, for rule.
*Barclay* and *Williams*, contra.

PER CURIAM.—The 35th section of the act of 16th June, 1836, (*Stroud's Purd. tit. Execution*,) provides that a deposit "may be attached and levied in satisfaction of the judgment in the same manner allowed in the case of foreign attachment." The 22d section of the same act, provides for the foreign attachment of a deposit made with any body corporate or person, "subject to all lawful claims thereupon of *such* body corporate or person," *i. e.* of the depositary. The act therefore, does not intend to give to *any* person but the depositary, a claim on the deposit, against the attachment, so that we are referred to general principles to know what rights the holder of the check may have against the attaching creditor. It is said that the title to the money deposited by the defendant, passed to the holder of the check, *eo instanti* it was given to him by the defendant; that it was an appropriation of the money to the use of the holder of the check by the defendant, who ceased to have any equitable interest in it. The holder of the check is not a party before us. If he were, however the law might be generally in the cases of assignments of *choses in action*, or however it might be on the facts of this case, in a litigation between the drawer, the holder of the check and the bank, or

[Harry to use v. Wood.]

either of them, depending upon the peculiar rules relative to nego-
tiable instruments, including checks, it is a wholly different ques-
tion when it is between the holder and a third person, who is an
execution creditor. "A check," says Mr. Justice Holroyd, "is
payable immediately; *the holder keeps it at his peril*." Down *v.*
Halling, 4 *B. & C.* 330. In this instance, the holder loses all
claim to the money by virtue of his possession of the check,
through his negligence in not presenting it to the bank.

Rule absolute.